IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| KLEON PULLER, | § |
| | § |
| Defendant Below, | § No. 529, 2014 |
| Appellant, | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware, |
| | § in and for New Castle County |
| STATE OF DELAWARE, | § Cr. ID No. 9902004516 |
| | § |
| Plaintiff Below, | § |
| Appellee. | § |

Submitted: December 29, 2014
Decided: January 30, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## **O R D E R**

This 30th day of January 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) On March 1, 2001, after a three day trial, a Superior Court jury found the appellant, Kleon Puller, guilty of Attempted Murder in the First Degree, Possession of a Firearm During the Commission of a Felony, and Endangering the Welfare of a Child. Puller admitted to shooting his girlfriend in the face, but claimed it was an accident. Puller was sentenced to life imprisonment plus five

years of incarceration. On appeal, this Court affirmed the judgment of the Superior Court.[1]

(2) On January 5, 2012, Puller filed his first motion for post-conviction relief. Puller subsequently filed a motion to amend his motion for postconviction relief, which a Superior Court Commissioner ("Commissioner") granted. In his amended motion, Puller contended that: (i) the State failed to comply with established procedures for the admission of witness' statements under 11 *Del. C.* § 3507; (ii) the State improperly referred to the victim's pregnancy during the trial and sentencing; (iii) his trial counsel was ineffective for not cross-examining the victim and for not requesting a jury instruction that the shooting was accidental; (iv) the Superior Court's use of the phrase "you must find" in the jury instructions was improper; and (v) the police were required to obtain a warrant before Puller's aunt gave the gun used by Puller to the police and the chain of custody was broken by the actions of Puller's aunt. After Puller's former counsel responded to Puller's allegations of ineffective assistance and the State responded to the amended motion for postconviction relief, Puller requested additional time to file a reply brief, which the Commissioner granted.

---

[1] *Puller v. State*, 2002 WL 529909, at *1 (Del. Apr. 5, 2002) (holding it was not plain error for Superior Court to admit videotape of crime scene).

2

(3) On May 8, 2013, Puller filed a motion to stay the proceedings pending this Court's decision in *Holmes v. State*, No. 350, 2012 and requested appointment of counsel. The Commissioner denied the motion to stay and appointed counsel to represent Puller ("Postconviction Counsel"). Postconviction Counsel was directed to proceed with Puller's motion for postconviction relief or pursue an amended motion for postconviction relief.

(4) On October 1, 2013, Postconviction Counsel filed a motion to withdraw as counsel because he concluded that Puller's claims were without merit and he did not find any other meritorious claims for relief. Puller filed a response to the motion to withdraw, seeking to expand the record so that he could review his proceedings again and re-submit new claims, an evidentiary hearing on his ineffective assistance of counsel claims, and appointment of new counsel. The Commissioner denied Puller's request to expand the record and re-submit new claims because Puller had already amended his postconviction motion once and substantial briefing had already been submitted, denied the request for an evidentiary hearing, and denied the request for new counsel as premature because the Commissioner first had to determine whether Puller's motion for postconviction relief had merit. The Commissioner gave Puller the opportunity to submit another written response to Postconviction Counsel's motion to withdraw.

(5) Puller again requested an evidentiary hearing and expansion of the record, which the Commissioner denied. On February 12, 2014, Puller filed a motion for enlargement of time and preparation of transcripts. On February 24, 2014, Puller filed a motion to amend and second response along with an appendix.

(6) The motion to amend and second response included the following new claims: (i) trial counsel was ineffective for failing to object to police officers' testimony that material visible on a wall in the crime scene video was body tissue; (ii) trial counsel was ineffective because he pursued a defense strategy without consulting Puller and he did not pursue a defense of extreme emotional distress or incompetence; (iii) videotaped statements of witnesses were provided to the jury for unlimited use without trial counsel's consent; (iv) the State failed to prove Attempted Murder in the First Degree; (v) the State's solicitation of testimony that a disagreement arose between Puller and the victim after his aunt became annoyed that Puller was watching rap videos and the identification of a person in a poster in the apartment as Tupac Shakur constituted racial profiling in violation of the Equal Protection Clause; (vi) the prosecutor engaged in improper vouching when he stated that Puller intended to take certain actions and intended to kill his girlfriend during his closing argument and trial counsel was ineffective for failing to object to the prosecutor's statements; and (vii) the State made inflammatory statements during the sentencing hearing, the Superior Court exceeded the sentencing

4

guidelines without stating why on the record, a life sentence for Attempted Murder in the First Degree was cruel and unusual punishment, and Puller should have received a shorter sentence with some form of behavior modification treatment.

(7)  The Commissioner concluded that the motion to amend and second response constituted Puller's response to Postconviction Counsel's motion to withdraw and therefore the motion for enlargement of time was moot.  The Commissioner denied the motion for preparation of transcripts.  The State responded to Puller's response to Postconviction Counsel's motion to withdraw on April 30, 2014.  Despite the Commissioner's statement that Puller's second response to the motion to withdraw would be the last filing from Puller that the Commissioner would consider in connection with the motion to withdraw, Puller filed a reply to the State's response.

(8)  On July 8, 2014, the Commissioner recommended denial of Puller's motion for postconviction relief and denial of Postconviction Counsel's motion to withdraw as moot.  The Commissioner did not consider the new claims Puller raised in his second response to the motion to withdraw or Puller's reply because he had previously held that Puller could not amend his postconviction motion with new claims and Puller disregarded his previous instructions regarding the postconviction submissions.  Although Puller now claims he did not receive the Commissioner's report and recommendations, he filed a document titled

5

"Defendant's Appeal from Commissioner's Findings of Fact and Recommendations" in the Superior Court. The Superior Court concluded that Puller's objections to the Commissioner's report and recommendations were without merit and adopted the report and recommendations of the Commissioner.[2] This appeal followed.

(9) On appeal, Postconviction Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Postconviction Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Postconviction Counsel informed Puller of the provisions of Rule 26(c) and provided Puller with a copy of the motion to withdraw and the accompanying brief. Postconviction Counsel also informed Puller of his right to identify any points he wished this Court to consider on appeal. Puller has submitted a forty-page page brief along with an appendix for this Court's consideration. The State has responded to the issues raised by Puller and asked this Court to affirm the Superior Court's judgment.

(10) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) must conduct its own review of the record and determine whether the appeal is so

---

[2] *State v. Puller*, 2014 WL 4101616 (Del. Super. Ct. Aug. 21, 2014).

6

totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]

(11) In his opening brief, Puller argues the merits of the claims asserted in his amended motion for postconviction relief (as summarized in paragraph 2 of this order) and his second response to Postconviction Counsel's motion to withdraw (as summarized in paragraph 6 of this order). Puller does not argue the merits of the questions raised in his summary of argument[4] and therefore those arguments are waived.[5]

(12) This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[6] The Court must consider the procedural requirements of Superior Court Criminal Rule 61 ("Rule 61") before addressing any substantive issues.[7] As the Commissioner recognized, the claims Puller asserted in his amended motion for postconviction relief were

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

[4] Those questions include whether: (i) it is an abuse of discretion to permit counsel to withdraw and not appoint new counsel; (ii) Postconviction Counsel followed the correct procedures for withdrawal; and (iii) Puller is entitled to a copy of the Commissioner's report and recommendations from Postconviction Counsel.

[5] Del. Supr. Ct. R. 14(b)(vi)(A)(3) (providing that appellant must state merits of argument in opening brief or argument will be waived); *Monroe v. State*, 2010 WL 5050863, at *2 (Del. Dec.8, 2010) (declining to address claim referenced in summary of argument but not raised in argument section of brief).

[6] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

untimely under Rule 61(i)(1) because Puller filed his motion for postconviction relief more than three years after his conviction became final.[8] Puller's conviction became final in April 2002 when this Court affirmed his convictions on direct appeal,[9] but Puller did not file his first motion for postconviction relief until January 5, 2012, more than six years after his convictions became final.

(13) Rule 61(i)(1) does not apply "to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[10] The miscarriage of justice exception is narrow and only applied in limited circumstances.[11] The Commissioner concluded that Puller had not pled a colorable claim of a miscarriage of justice. We agree.

(14) The State did not attempt to introduce statements under 11 *Del. C.* § 3507 at trial and therefore Puller's claim that the State failed to comply with the procedures for the admission of statements under 11 *Del. C.* § 3507 is not

---

[8] Super. Ct. Crim. R. 61(i)(1) (barring postconviction motion filed more than three years after judgment of conviction is final) (amended in 2005 to reduce filing period to one year).

[9] Super. Ct. Crim. R. 61(m)(2) (defining judgment of conviction as final in event that defendant files direct appeal when Supreme Court issues mandate or order finally determining case).

[10] Super. Ct. Crim. R. 61(i)(5).

[11] *Gattis v. State*, 955 A.2d 1276, 1290 (Del. 2008).

supported by the record.[12] Although the State did refer to the victim's pregnancy during the trial, this reference occurred outside of the jury's presence when the prosecutor informed the judge that a reference to the victim's pregnancy had appeared in the News Journal. As far as the State's references to the pregnancy of the victim (who was the defendant's girlfriend) at sentencing, the Superior Court was already aware of the pregnancy and had broad discretion to consider information relating to a defendant's personal history.[13]

(15) The Commissioner also did not err in concluding that Puller failed to show ineffective assistance of counsel under *Strickland v. Washington*.[14] Puller did not show how he was prejudiced by his trial counsel's strategic decision not to cross-examine the victim (who lost both eyes, among other injuries, as a result of the shooting Puller admitted to) or his trial counsel's decision not to request an accident instruction. The jury found Puller was guilty of Attempted Murder in the First Degree, which required the jury to conclude that Puller intended to kill his girlfriend, rather than the lesser included offense of Assault in the First Degree, which was premised on reckless conduct.

---

[12] Contrary to Puller's claims, there is also no indication in the record that videotaped statements of witnesses were admitted into evidence or provided to the jury.

[13] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).

[14] 466 U.S. 668 (1984).

9

(16) Puller's contention that the Superior Court directed the jury to find him guilty through the use of the phrase "you must find" in the jury instructions ignores the rest of the jury instructions, which stated that in order to find the defendant guilty of Attempted Murder in the First Degree, the jury must find all of the elements established beyond a reasonable doubt. As to his claims that the police were required to obtain a search warrant to receive the gun from his aunt and that his aunt's actions broke the chain of custody, Puller has not shown that the gun was obtained illegally or that the State failed to prove there was a reasonable probability that the gun his aunt gave to the police was the gun Puller used to shoot the victim. Finally, even assuming the new claims in Puller's second response to the motion to withdraw were properly before the Commissioner, those claims were also untimely under Rule 61(i)(1) and do not state a colorable claim of a miscarriage of justice under Rule 61(i)(5). Thus, the Superior Court did not err in adopting the report and recommendations of the Commissioner and denying Puller's motion for postconviction relief.

(17) This Court has reviewed the record carefully and has concluded that Puller's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Postconviction Counsel has made a conscientious effort to examine the record and the law and has properly determined that Puller could not raise a meritorious claim in this appeal.

10

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

_____
Justice